IN THE UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | Criminal Case No. CR109-74 |
| v. ) | |
| ) | |
| ) | |
| REGINALD LONNEL CRAY ) | |

## MOTION TO SUPPRESS SEARCH OF 4686 RED LEAF WAY, MARTINEZ, GEORGIA AND EVIDENCE OBTAINED PURSUANT THERETO

NOW COMES THE DEFENDANT herein, by and through his counsel, and without waiving any rights, pursuant to Rule 12 (b) (3) Federal Rules of Criminal Procedure, moves this Honorable Court to grant a Motion to Suppress and exclude all evidence obtained from the search of the Defendant's home and prohibit the use or mention of any statements alleged to have been made during the search by showing the following:

1. That a search warrant of the Defendant's home located at 4686 Red Leaf Way, Martinez, Georgia was issued on April 26, 2008 and the warrant was executed on April 28, 2009.

2. That all evidence from the Search Warrant issued for the search of 4686 Red Leaf Way, Martinez, Georgia be suppressed due to the illicit manner in which the Customs Agents obtained the evidence which served as the basis of the search warrant and the statements made during the detention during the search warrant be excluded as fruit of the poisonous tree for the evidence which establishes probable cause was improperly and illegally obtained.

3. The ICE Special Agent utilized "Customs Summons" to acquire banking information and account information to establish probable cause. However, the agents should have used the process

under the Right to Financial Privacy Act of 1978, codified as 12 U.S.C. § 3401, *et seq.* to obtain financial records and the Access to Stored Communications Act, 18 U.S.C. § 2701, *et seq.*

4. "Customs Summons" exist to administratively enforce the import-export laws and various trade agreements. Title 19 U.S.C. § 1509 authorizes Customs Special Agents in Charge to issue summons to inspect records for duties, fees, and other related matters. This Code Section is contained within the Part III (Ascertainment, Collection, and Recovery of Duties) of Subtitle III (Administrative Provisions) of Chapter Four (Tariff Act of 1930) of Title 19, United States Code. However, as to third-party summons (as opposed to the importer or exporter), these are limited to custom brokers, attorney, or accountants. See 19 U.S.C. § 1509(d). However, the Agent used these administrative documents to recover evidence to support the search of the Defendant's home.

5. The Customs Summons serve only for administrative purposes related to trade. In this Affidavit for the Search Warrant, the only mention of any form of international trade was the statement that the operators of a particular website were considering using a United Kingdom merchant processing account, but chose to use a United States Service. MaManaway Affidavit, ¶ 35. Other than this mention of the United Kingdom, no evidence of cross-border transmission of materials would justify using an administrative summons or subpoena to obtain information for a criminal prosecution. While limited customs searches are appropriate in and around borders or on sea going vessels, Fourth Amendment probable cause standards and procedures must be followed. See *United States v. Herrera*, 711 F. 2d 1546, 1554-1555 (11th Cir. 1983). Further,

6. However, the ICE Special Agent shave utilized these administrative summons to secure a plethora of information and records. No less than 11 Customs Summons have been used to secure financial records, stored electronic communications, and other matters for which a grand jury subpoena or search warrant should have been obtained. Wherefore, all evidence from the Search

Warrant should be suppressed including any statements which are fruit of the poisonous tree of the improper use. Unlike *Illinois v. Krull*, 480 U.S. 340 (1977), the Agents did not rely on an "objectively reasonable" statute. They simply chose the most expedient process to obtain the evidence to bolster their efforts to secure a search warrant.

7. 12 U.S.C. § 3402 prohibits access to citizen's financial information unless certain requirement such as notification to the customer, search warrant, or judicial subpoena are used. The ICE agents simply used an administrative subpoena without the notice to customer requirements.

8. In a similar vein,18 U.S.C. § 2701 prohibits the disclosure of stored electronic communications without a Court Order, a specifically authorized subpoena, search warrant, grand jury subpoena, or other judicially monitored activity.

## MEMORANDUM OF LAW

This motion is brought pursuant to Rule 12 (b) (3) Federal Rules of Criminal Procedure and the above cited authorities.

WHEREFORE, Defendant prays:

(1) That Defendant all evidence from the search of 4686 Red Leaf Way, Martinez, Georgia including any statements made by the Defendant be suppressed or a motion in limine be granted to prohibit the Government from referring to the evidence at trial;

(2) That the Court hold an evidentiary hearing on this motion;

(3) That the defendant be permitted to file a brief after said hearing; and

(4) That the Court suppress all evidence obtained in violation of the defendant's rights.

Respectfully submitted,

John T. Garcia
Georgia Bar No. 283028
205 B N. Belair Road
Post Office Box 1984
Evans, Georgia 30809
(706) 650-7727
Fax (706) 364-5390
E-mail garcia81@knology.net