IN THE UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

UNITED STATES OF AMERICA   )
                             )
                             )   Criminal Case No. CR109-74
   v.                   )
                             )
                             )
REGINALD LONNEL CRAY   )

## MOTION FOR *JACKSON-DENNO* HEARING

NOW COMES THE DEFENDANT herein, by and through his counsel, and without waiving any rights, pursuant to Rule 12 (b) (3) Federal Rules of Criminal Procedure, moves this Honorable Court to conduct a hearing to determine the voluntariness of any statements under the authority of *Jackson v. Denno*, 378 U.S. 368 (1964) and prohibit the use or mention of any statements alleged to have been made until an initial determination of voluntariness is made by the Court by showing the following:

    1. That a search warrant of the Defendant's home located at 4686 Red Leaf Way, Martinez, Georgia was issued on April 26, 2008 and the warrant was executed on April 28, 2009.

    2. That all evidence from the Search Warrant issued for the search of 4686 Red Leaf Way, Martinez, Georgia be suppressed due to the illicit manner in which the Customs Agents obtained the evidence which served as the basis of the search warrant and the statements made during the detention during the search warrant be excluded as fruit of the poisonous tree for the evidence which establishes probable cause was improperly and illegally obtained through the use of Customs Summons instead of the statutory method of obtaining financial records and stored electronic communications. For purposes of this *Jackson~Denno* Motion, the Defendant adopts, incorporates

and re-alleges the averments made in its Motion to Suppress filed July 10, 2009 as if fully set forth herein.

3. That at said execution of the search warrant, the Defendant reasonably thought that he was not free to move about or leave, therefore, he was "in custody" within the meaning of the law.

4. That pursuant to said unlawful search warrant, the Defendant allegedly made statements which are alleged to have been against his interests[1].

5. That these custodial statements were made without any advisement of the Defendant's Constitutional rights as required by *Miranda v. Arizona*, 384 U.S. 436 (1966). Therefore, the statements are involuntary within the meaning of the law.

6. That on April 28, 2009, the Defendant was summoned to his place of employment at Ft. Gordon, Georgia. He was given an order by the Chief of Staff to cooperate with the CID and Customs officials. The agents told him that they had a search warrant for his residence and instructed him to drive to his residence.

7. The agents then allowed the Defendant to drive his vehicle to his residence a distance of more than five (5) miles distance, but was followed to the residence by the agents. At the residence, he was again instructed that the agents had a search warrant for his residence. He was taken to his kitchen table. That the agents did not instruct him that he was free to go after allowing them to enter the dwelling nor did they advise him of his Constitutional rights.

8. That the agents began interrogating him He was told to "man-up" or the confess. This instruction was followed by cursing by the agent due to non-incriminatory statements the Defendant had made. During this interview, the ICE Special Agent stated that "You are going to be charged.

---

[1] The Defendant disputes that he made the statements as alleged by SA McManaway, but recognizes this is a factual issue, not an issue relating to the admissibility of the statements.

You are going to be charged." and "I do not have time to mess around."   The ICE Special Agent became upset and left the table whereupon a Special Agent of the Federal Bureau of Investigation proceeded to interview him.

9. At the conclusion of the search of the residence and the interrogation, the ICE Special Agent, then performed a *Terry* search instructing the Defendant to remove all of the items from his wallet. The Special Agent sorted through the items and each item contained in the Defendant's wallet. After searching his person and items from his person[2], the Defendant was instructed to wait until the ICE Special Agent determined whether to "let him go or not." After discussing the matter with the other agents, the ICE Special Agent contacted the Judge Advocate General's (JAG) office at Ft. Gordon to receive input from the JAG office. While the Agents were discussing the matter, the Defendant was so physically upset that he requested and received permission to use the restroom.

10. That under the totality of the circumstances , a reasonable person would believe that they were in custody, therefore, the Special Agents should have advised the Defendant of his Constitutional rights before interviewing him. Further, while under *Michigan v. Summers*, 452 U.S. 692 (1981), police may detain a person at or leaving a house, they have no right to force him to go to the house and detain him during the entirety of the search.

11. Special Agent McManaway's report details that the Agents maintained control over the Defendant until the conclusion of the search.

> At the request of the United States Army, CRAY was asked to leave his residence when the search warrant team left and return to his command. USAO Discovery Page 16.

---

[2]

The Search Warrant did not include an order to search the Defendant's person, but apparently no evidence of value was discovered.

## MEMORANDUM OF LAW

This motion is brought pursuant to Rule 12 (b) (3) Federal Rules of Criminal Procedure and the authority of *Jackson v. Denno*, 378 U.S. 368 (1964).

WHEREFORE,   Defendant prays:

(1) That Court prohibit the Government from introducing evidence as to any statements alleged to have been made by the Defendant until such time as the Court makes a preliminary determination that the statements were voluntarily made after all Constitutional safeguards were observed;

(2) That the Court hold an evidentiary hearing on this motion;

(3) That the defendant be permitted to file a brief after said hearing; and

(4) That the Court hold that the statements were not voluntarily made within the meaning of the law.

Respectfully submitted,

John T. Garcia
Georgia Bar No. 283028
205 B N. Belair Road
Post Office Box 1984
Evans, Georgia 30809
(706) 650-7727
Fax (706) 364-5390
E-mail garcia81@knology.net