```
 1                    UNITED STATES DISTRICT COURT
                      SOUTHERN DISTRICT OF GEORGIA
 2                          AUGUSTA DIVISION

 3

 4   UNITED STATES OF AMERICA      :
                                   :
 5                                 :   Case No. CR109-074
                                   :
 6   vs.                           :
                                   :
 7                                 :
     REGINALD LONNEL CRAY,         :   Augusta, Georgia
 8                                 :   March 25, 2010
                Defendant.         :   9:02 a.m.
 9

10

11

12              MOTIONS AND PRETRIAL CONFERENCE
            BEFORE THE HONORABLE J. RANDAL HALL, and a jury
13                    United States District Judge

14                            VOLUME I

15   APPEARANCES:

16   For the Government:   Nancy Greenwood, AUSA
                           U.S. Attorney's Office - Augusta
17                         P.O. Box 2017
                           Augusta, Georgia 30903
18                         (706) 724-0517

19   For the Defendant:    John Todd Garcia, Esquire
                           John T. Garcia, Attorney at Law
20                         205-B N. Belair Road
                           Evans, GA 30809
21                         706-650-7727

22   Reported By:          Rhea Rangel, Official Court Reporter
                           Southern District of Georgia
23                         P.O. Box 601
                           Clearwater, South Carolina 29822
24                         (706) 823-6468

25
```


**I-N-D-E-X**

**Argument by the Defense** . . . . . . . . . . . . . . . . 4

**Argument by the Government.** . . . . . . . . . . . . . . 4

**Ruling by the Court** . . . . . . . . . . . . . . . . . . 5

P-R-O-C-E-E-D-I-N-G-S

(Court was opened at 9:02 a.m.)

THE CLERK: Good morning. This morning we're here to conduct a pretrial conference and motions hearing in the matter of *United States of America versus Reginald L. Cray*, Criminal Action Number CR109-074.

All parties are present and ready to proceed, your Honor.

THE COURT: Thank you.

As the clerk stated, the purpose of this morning's hearing was originally set to conduct the pretrial conference in anticipation of a trial of this case on Monday. However, as counsel and the parties know, yesterday the defendant filed a motion under the Speedy Trial Act seeking dismissal of the indictment due to delays in setting this case down for trial.

Now, I have reviewed the defendant's motion in detail. I have likewise reviewed the government's motion in detail and have spent a considerable amount of time last night and this morning considering this motion and the government's response.

So for the counsel for the defendant and the counsel for the government, I do not need to go through a rehash of the motion and response. I think they are both thorough and set forth very clearly what each side's position is. But I will give each party an opportunity at this time to supplement

1  anything that they may wish they had put in their motion or
2  response before I make a ruling.
3            Mr. Garcia.
4            MR. GARCIA:  Your Honor, if I might.
5            THE COURT:  You may.
6            MR. GARCIA:  I have gotten the government's response
7  this morning.  It was sent out last night, of course.
8            THE COURT:  Yes, it was.
9            MR. GARCIA:  And the only thing we ask -- we
10 disagree.  We believe that it should be with prejudice.  Other
11 than that, we rely on our motion.
12           THE COURT:  Ms. Greenwood.
13           MS. GREENWOOD:  Your Honor, the government has
14 certainly set forth clearly why it should be without prejudice.
15 We believe that the delay was very limited in nature, that the
16 offense conduct is egregious or the alleged offense here is
17 certainly one that is of a serious nature, and a dismissal with
18 prejudice should only be a remedy in very limited circumstances
19 where there's some clear indication of prejudice as well as
20 some, you know, significant negligence or inappropriate
21 behavior on the part of the government, which none of which is
22 present here and none of which the defendant has contended
23 here.
24           The defense attorney says categorically, you know, I
25 would like it to be with prejudice, but without setting forth

1  any facts in support of that, as we believe that the evidence
2  doesn't support that type of a ruling by this Court.
3          We would note that it is very likely that this
4  defendant is going to go to trial at some point.  You know,
5  after -- if this case is dismissed and reindicted, then it is
6  -- I have no reason to believe that the defendant will not
7  pursue his trial rights and put the government to its burden,
8  which he has every right to do.
9          But in light of that and the likelihood that, if
10 convicted, that an appeal will follow, I think the most
11 conservative and cleanest approach here would be -- although,
12 again, there is some possibility of a -- that a calculation
13 could be made to suggest that the Speedy Trial Act has not been
14 violated, because there is some potential that it has been,
15 that probably the cleanest and most conservative approach would
16 be to dismiss without prejudice and allow the government to
17 start over, as it were.  And that's the government's position
18 in this case.
19          THE COURT:  Very well.  Thank you.
20          Yesterday, on the eve of this morning's pretrial
21 conference, the defendant in this case filed a motion seeking
22 dismissal of the indictment under the Speedy Trial Act.  The
23 government has responded and conceded, without acknowledging a
24 violation of the Act, that a dismissal of the indictment is an
25 appropriate remedy.

1           Although the defendant never raised the speedy trial
2  issue until the eve of this hearing and next Monday's scheduled
3  trial and his attorney has been aware for weeks about the trial
4  date, the Court finds that the defendant's statutory right to
5  be tried in late January of this year was not met.  Therefore,
6  this indictment should be dismissed.
7           In deciding whether a Speedy Trial Act dismissal is
8  with or without prejudice, the Court must examine three
9  factors.  One, the seriousness of the offense.  Two, the facts
10 and circumstances leading to dismissal.  And three, the impact
11 of a re-prosecution on the administration of the Speedy Trial
12 Act and the administration of justice.
13          The Court notes that the Eleventh Circuit has
14 indicated that it perceives no statutory preference for either
15 form of dismissal.
16          Therefore, the Court will now review the three
17 factors required in order to reach a determination on this
18 issue.
19          Factor one, the seriousness of the offense.  In this
20 case, the seriousness of the offenses weigh heavily against
21 dismissal with prejudice.  Defendant has been indicted in Count
22 One under 18 United States Code Section 2252A(a)(2) for receipt
23 of child pornography, which carries a statutory penalty of not
24 less than 5 and no more than 20 years of imprisonment.
25          Count Two charges a violation of 18 United States

1  code Section 2252A(a)(5)(B), possession of child pornography,
2  that carries a statutory penalty of imprisonment of not more
3  than ten years.
4       In both counts, supervised release terms of five
5  years to life are required.
6       These significant penalties reflect Congress's
7  determination that persons are engaging in serious crimes when
8  they acquire and possess child pornography.  And such actions
9  create and perpetuate a market for products that lead to and
10 result from the criminal exploitation and molestation of
11 children.
12      The delay is less than two months, which this Court
13 finds is not severe compared to the seriousness of the criminal
14 charges against this defendant.
15      The second factor to be considered looks at the facts
16 and circumstances leading to the dismissal.
17      The delay in the case does not appear to be the
18 result of any intentional action by the government or any
19 showing of neglect by the government.  Any violation appears to
20 have occurred when the Court issued an order on February 2nd,
21 2010, addressing an early motion in limine filed by the
22 defendant.
23      While the Court's motion attempted to leave open the
24 request by defendant for relief, the Court acknowledges that
25 its language was not clear and created some ambiguity that

could arguably have triggered the violation of 18 United States Code Section 3161. This delay appears to be the result of administrative confusion on the part of the Court. Where delays resulted in administrative confusion, the Eleventh Circuit has expressed a preference for dismissal without prejudice.

The Court also notes that the defendant is partially responsible for the length of this delay because he did not assert his speedy trial rights until five days before his trial date. Factor two, therefore, favors dismissal without prejudice.

The final factor is the impact of a re-prosecution on the administration of the Speedy Trial Act and the administration of justice.

The Court finds that this factor supports and favors a dismissal without prejudice. No evidence has been presented by the defendant of prejudice, no loss of witnesses or evidence due to the short delay. In fact, we are on the eve of trial of this case and everything appears to be fresh and the Court believes will remain that way.

Also, the Court notes that this defendant has been on bond the entire time and not sitting in jail. If the Court dismisses this case with prejudice, it would be taking away from a jury the ability to consider a case that contains serious child pornography charges based on a short two-month

1   delay that has not prejudiced this defendant.

2          A dismissal without prejudice will enable the
3   government to re-prosecute this case in a manner that fully
4   protects this defendant's Speedy Trial Act rights as well as
5   his right to present a vigorous offense in a fair and impartial
6   jury trial.

7          Further, a dismissal with prejudice in the case could
8   encourage gamesmanship in the future by defendants in that they
9   would see an advantage by delaying their assertion of Speedy
10  Trial Act rights as long as possible to increase the period of
11  delay and to enhance their potential chances of a dismissal
12  with prejudice.

13         Based on the findings by the Court on these three
14  factors, the Court determines that a dismissal of the
15  indictment without prejudice would be appropriate.

16         Now, the Court notes that the defendant, in his
17  motion, does not assert any Sixth Amendment rights to speedy
18  trial, any violations of the Sixth Amendment.  However, out of
19  an abundance of caution, the Court will conduct the *Barker v.*
20  *Wingo* analysis.

21         First, length of delay.  The defendant must show that
22  the length of delay was presumptively prejudicial.  The Court
23  notes that in its previous finding that the delay in this case
24  was less than two months.  Compared to the Court's review of
25  many other cases where the delay is found not to reach

1  constitutional levels, this delay cannot be said to be
2  presumptively prejudicial.
3       Reason for the delay.  The Court notes, as in its
4  previous finding, that the reason for this delay was
5  administrative confusion by the Court.  There is no evidence of
6  an intentional act or negligence by the government in this
7  case.  In addition, the Court further restates its finding that
8  the defendant has also participated or contributed to the
9  amount of delay due to the delay in filing the motion asserting
10 Speedy Trial Act rights.
11      That is also applicable to factor four in the *Barker*
12 *versus Wingo* analysis in whether and how the defendant asserted
13 his right to speedy trial.  In this case, the defendant
14 asserted his right on March 24, 2010, five days prior to trial,
15 one day prior to the pretrial conference, again, weeks after
16 the case had been set for trial and the fact of the potential
17 or alleged Speedy Trial Act violation had been triggered.
18      Finally, the analysis requires the Court to look at
19 the amount of prejudice suffered by a defendant.  The Court
20 must consider three issues in looking at this factor.
21      Oppressive pretrial incarceration.  The Court notes
22 that this defendant has been on bond.  And while subject to
23 some travel restrictions and other conditions of bond, no
24 oppressive conditions have been applied to this defendant.
25      Second, anxiety and concern to the accused.  The

1  Court recognizes that any individual indicted and accused of a
2  crime suffers from some anxiety and concern, but it is no
3  greater as a result of this delay.
4         Finally, possibility that the accused's defense will
5  be impaired.  Again, the Court has made a finding but will
6  restate its finding that there is no alligation of impairment
7  or prejudice by the defendant in this case.  And the Court
8  finds that the opportunity for witnesses or evidence to
9  disappear or to fade does not exist due to the very short delay
10 in this trial and the fact that the parties prepared this case
11 for trial in light of Monday's scheduled trial date.
12         After reviewing these four factors, the Court finds
13 no Sixth Amendment violation of speedy trial for this
14 defendant.  Therefore, based upon the Court's findings under
15 the Speedy Trial Act and under the Sixth Amendment, it is the
16 Court's decision that the defendant's motion to dismiss the
17 indictment should be -- under the Speedy Trial Act should be
18 granted, and the Court hereby dismisses the indictment without
19 prejudice.
20         That concludes this matter.  And due to the dismissal
21 of the indictment without prejudice, there is no reason for any
22 further pretrial work to be done in this case.  Therefore, this
23 matter is now concluded.
24         Thank you very much.
25

1  CERTIFICATION

2

3        I certify that the foregoing is a true and correct
4   transcript of the stenographic record of the above-mentioned
5   matter.

6

7   /s/Rhea Rangel                          April 27, 2011
8   Rhea Rangel, Court Reporter             Date

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25